IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW PETRAKIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CV-459-MAB |
| | ) |
| SCOTT THOMPSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is presently before the Court on the Motion to Dismiss or, in the Alternative, to Sever filed by IDOC Defendants Christine Brown, Dallas Kincaid, Kim Larson, and Scott Thompson (Doc. 56) and to follow-up on the Show Cause Order previously issued to Plaintiff (Doc. 7).

### BACKGROUND

Plaintiff Matthew J. Petrakis, an inmate of the Illinois Department of Corrections ("IDOC") filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Danville Correctional Center and Pinckneyville Correctional Center. Plaintiff alleges that he has severe hearing loss and suffers from vertigo as a side effect of the hearing loss (Doc. 1; Doc. 7). He claims that while he was at Pinckneyville, he requested ADA accommodations, including a bottom bunk permit and a lower gallery designation, but his requests were denied (Doc. 1; Doc. 7). His requests for medical treatment for his vertigo were also denied (Doc. 1; Doc. 7). Plaintiff

alleges that the vertigo caused him to fall in September 2019 and again in October 2019, and he suffered a knee injury (Doc. 1; Doc. 7). At some point he was transferred to Danville,[1] and he alleges that a number of officials and medical providers at Danville denied him medical care for his knee injury and some did so in retaliation for filing grievances and lawsuits (Doc. 1; Doc. 7). The Court conducted a threshold review of the complaint pursuant to 28 U.S.C. § 1915A and Plaintiff was permitted to proceed on the following counts:

> **Count 1:** Americans with Disabilities Act and/or Rehabilitation Act claim against IDOC Director Rob Jeffreys for failing to accommodate Plaintiff's hearing loss and vertigo;
>
> **Count 2:** Eighth Amendment claim against IDOC Director Jeffreys and Pinckneyville officials and medical providers: Dr. Percy Myers, Health Care Unit Administrator Christine Brown, and Warden Scott Thompson for deliberate indifference to Plaintiff's serious medical needs regarding his hearing loss and vertigo and against Wexford Health Sources, Inc. in that medical care was denied and/or delayed as a result of Wexford's policies and practices.
>
> **Count 3:** Eighth Amendment claim against IDOC Director Rob Jeffreys and Danville officials and medical providers: Warden Kim Larson, Dr. Jonathan Ek, Nurse Practitioner Justin Dupree, Nurse Dana Ritchie, Nurse Brandi Carl, Nurse Sara Glenn, Nurse Colleen Shultz, Nurse Melissa Welch, Nurse Scott Parish, and correctional officer Dallas Kincaid for exhibiting deliberate indifference to Plaintiff's knee injury and severe pain and against Wexford Health Sources, Inc. for deliberate indifference in that medical care was denied and/or delayed as a result of Wexford's policies and practices.
>
> **Count 4:** First Amendment retaliation claim against Danville officials and medical providers: Larson, Dr. Ek, Dupree, Ritchie, Carl, Glen, Shultz, Welch, Parish, and Kincaid for refusing to treat Plaintiff's knee injury and sever pain in retaliation for Plaintiff exercising his First Amendment right

---

[1] Plaintiff filed a Notice of Change of Address filed in 19-cv-579 indicating that he had been transferred to Danville. SDIL Case No. 19-cv-579-SPM, Doc. 63.

to seek redress from the court and for filing grievances.

In the threshold Order, the Court noted that Counts 1 and 2 were identical to Plaintiff's claims in a previously filed suit pending in this district, 19-cv-579, and ordered Plaintiff to show cause as to why this case should not be stayed pending the resolution of the claims in 19-cv-579 (Doc. 7). Plaintiff filed a response as ordered (Doc. 22). The IDOC Defendants then filed a motion to dismiss the claims in this case, or in the alternative, to stay Counts 1 and 2 pending the outcome of 19-cv-579 and to sever Counts 3 and 4 into a separate lawsuit and transfer it to the Central District of Illinois (Doc. 56). Plaintiff filed a response in opposition to Defendants' motion (Doc. 57).

## DISCUSSION

### A. Severance of Counts 3 and 4

The undersigned agrees with Defendants that Counts 3 and 4 should be severed. This issue should have been spotted and addressed in the Court's threshold Order, but given the number of defendants initially named and the number of counts advanced, the Court simply overlooked it.

Counts 1 and 2 concern how officials and medical providers at Pinckneyville treated Plaintiff's hearing issues and related vertigo. Counts 3 and 4 concern how officials and medical providers at Danville treated Plaintiff's knee injury. The Seventh Circuit has instructed that claims against unrelated defendants arising from conduct at different prisons do not belong in the same lawsuit. *Owens v. Evans*, 878 F.3d 559, 561, 566 (7th Cir. 2017). *See also Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits, not only

'to prevent the sort of morass' produced by multi-claim, multi-defendants suits . . . but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act[.]" (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007))). The fact that Plaintiff's knee injury occurred at Pinckneyville shortly before his transfer to Danville has no bearing on the treatment Danville officials offered him for his knee. His claims against officials at Pinckneyville and Danville are not so intertwined that they should be allowed to proceed in the same suit. *See* Fed. R. Civ. P. 20(a)(2) (allowing joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action.").

Consequently, Counts 3 and 4 will be severed into a separate action. And because these claims arose at Danville Correctional Center, the severed case will be transferred to the Central District of Illinois after it is opened and assigned a new case number. *See* 28 U.S.C. § 93(b) (stating that Vermilion County, Illinois, where Danville Correctional Center is located, is part of the Central District of Illinois).

**B. Count 1 – ADA/Rehab Act claim**

In the instant case, Plaintiff's ADA/Rehab Act claim is based on Pinckneyville officials' "fail[ure] to accommodate [his] hearing loss and vertigo" (Doc. 7, pp. 5, 7–8). Specifically, Plaintiff alleged in the complaint that he made prison officials aware that because of his hearing loss, he had vertigo, which caused dizziness and difficulties with balance (Doc. 1, p. 8). He asked to have a bottom bunk permit and a lower gallery

permit to accommodate the vertigo-related issues, but his request were refused (Doc. 1, p. 8–9).

In case 19-cv-579, Plaintiff is likewise proceeding on an ADA/Rehab Act claim based on Pinckneyville officials' "fail[ure] to accommodate [his] hearing loss." SDIL Case No. 19-cv-579-SPM, Doc. 88, p. 4; *see also id.* at Doc. 23, p. 1. It may appear at first blush that this ADA claim is slightly different because Judge Stephen McGlynn did not mention vertigo in delineating Plaintiff's claims in the threshold Order. *See id.* at Doc. Doc. 88, p. 4. However, it is clear from the substance of the threshold Order as well as Plaintiff's complaint that the ADA claim does in fact encompass Plaintiff's vertigo. *Id.* at Doc. 88, p. 5; Doc. 89, pp. 5–14; *see also id.* at Doc. 23, p. 1; Doc. 25, pp. 5–10. Specifically, Judge McGlynn wrote that Plaintiff "alleges that he suffers from a disability—severe hearing loss—and that the prison did not accommodate that disability by failing to ensure that he was alerted for meals, dayroom activities, showers, gym, yard, and other activities, as well as not providing him with a low bunk permit and lower gallery designation." *Id.* at Doc. 88, p. 5. The low bunk and lower gallery permits were accommodations Plaintiff felt were necessary because of his vertigo. *See id.* at Doc. 89, pp. 5–14. The fact that they were mentioned in the context of Plaintiff's ADA claim demonstrates that Judge McGlynn considers Plaintiff's vertigo to be part and parcel of his hearing loss and encompassed within his ADA claim.

"The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court[,]" meaning the "claims, parties, and available relief do

not significantly differ between the two actions." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 889 (7th Cir. 2012) (citations and internal quotation marks omitted). Here, it is clear that Plaintiff's ADA/Rehab Act claim in the instant case is subsumed by his claim in 19-cv-579, which addresses both the failure to provide accommodations for his hearing loss and his related vertigo. Consequently, there is no need to allow Plaintiff to continue pursuing his ADA/Rehab Act claim in this case. *McReynolds*, 694 F.3d at 889 ("[A]llowing a separate suit seeking the same remedy would be redundant."). Count 1 in the instant case is therefore dismissed as duplicative of Plaintiff's ADA claim already pending in 19-cv-579.

**C. Count 2 – Deliberate Indifference**

In case 19-cv-579, Plaintiff was permitted to proceed on an Eighth Amendment claim against Dr. Percy Myers, Christine Brown, and Warden Scott Thompson for exhibiting deliberate indifference to his hearing loss and corresponding vertigo (Count 2). SDIL Case No. 19-cv-579-SPM, Doc. 88; *see also* Docs. 7, 23, 35. Specifically, Plaintiff alleged that Dr. Myers, Christine Brown, and Warden Thompson failed to provide or ensure he received an examination, adequate treatment, a referral to a specialist, and necessary accommodations for his hearing loss and vertigo. *Id.* at Doc. 88, pp. 2–3, 5; Doc. 89, pp. 5–14.

In the instant case, Plaintiff once again asserted an Eighth Amendment deliberate indifference claim against Dr. Percy Myers, Health Care Unit Administrator Christine Brown, and Warden Scott Thompson, as well as IDOC Director Rob Jeffreys and Wexford Health Sources, Inc. (Doc. 7). With respect to Dr. Myers, Christine Brown, and

Warden Thompson, Plaintiff alleges they failed to provide or ensure he received an examination, adequate treatment, a referral to a specialist, and necessary accommodations for his vertigo (Doc. 1, pp. 8–10).

Plaintiff acknowledges that his allegations in Count 2 of the instant case pertaining to Dr. Myers, Christine Brown, and Warden Thompson are already part of his deliberate indifference claim in case 19-cv-579 (Doc. 22). But Plaintiff argues that he was also trying to assert additional allegations/claims in the instant case that he was not permitted to add in 19-cv-579 (Doc. 22). Specifically, Plaintiff argues that he attempted to amend his complaint in 19-cv-579 to add allegations that because his vertigo went untreated and he was not issued necessary permits, he fell in September 2019 and October 2019 and injured his knee, however, Judge Stephen McGlynn refused to allow him to do so (Doc. 22, p. 2). *See also* SDIL Case No. 19-cv-579, Docs. 88, 89.

It appears that Plaintiff misunderstood Judge McGlynn's order. When Plaintiff moved to amend his complaint in December 2019, he wanted to add factual allegations regarding an audiogram at Beltone in March 2019, an assessment of his ADA needs by a specialist from the Chicago Hearing Society in July 2019, Pinckneyville's subsequent failure to act on the recommendations that were made at those two appointments, his two falls in the fall of 2019, his knee injury, and the treatment Dr. Myers provided for his knee. SDIL Case No. 19-cv-579, Docs. 66, 89; *see also* Doc. 88. Plaintiff also wanted to add allegations that Dr. Myers, Christine Brown, Warden Thompson, and Rob Jeffreys were retaliating against him. *Id.* at Doc. 66; Doc. 89, pp. 16–19. Judge McGlynn acknowledged all of the new factual allegations and permitted Plaintiff to amend his

complaint to include those allegations to the extent they supplemented his *existing* ADA and deliberate indifference claims regarding his hearing loss and vertigo in Counts 1 and 2. *See id.* at Doc. 88, pp. 3, 4, 5. But Judge McGlynn did not allow Plaintiff to amend his complaint to assert *additional* Counts against the Pinckneyville Defendants for retaliation and deliberate indifference to his knee injury. *Id.* at Doc. 88, pp. 4, 6–7. Plaintiff was told that if he wanted to pursue these new Counts, he would have to do so in a separate lawsuit. *Id.* at Doc. 88, p. 6.

About a year after Judge McGlynn entered his Order in 19-cv-579, Plaintiff filed his complaint in the instant lawsuit (*see* Doc. 1 (filed on May 6, 2021)). The undersigned has thoroughly reviewed Plaintiff's complaint. There are absolutely no assertions that any of Thompson, Myers, or Brown's conduct was retaliatory, or any allegations from which retaliation could be inferred (*see* Doc. 1, pp. 8–10). And there are no allegations regarding Dr. Myers treatment of Plaintiff's knee injury while he remained at Pinckneyville (*see id.*). The Court thus concludes that Plaintiff made no effort to bring the retaliation claim or deliberate indifference claim regarding his knee injury that Judge McGlynn previously rejected. Plaintiff's deliberate indifference claim in Count 2 as it relates to Dr. Myers, Christine Brown, and Warden Thompson is therefore duplicative of the deliberate indifference claim already proceeding in case 19-cv-579. Accordingly, Count 2 will be dismissed as to Dr. Myers, Christine Brown, and Warden Thompson.

That leaves only Plaintiff's claim for deliberate indifference against IDOC Director Rob Jeffreys and Wexford as set forth in Count 2. This matter will proceed on

that claim. Defendants Jeffreys and Wexford shall have until September 30, 2022, to file an appropriate responsive pleading to the Complaint. Defendants need only respond to the issues as stated in the threshold Order as it pertains to the claim remaining in this case against Jeffreys and Wexford (*see* Doc. 7). Furthermore, if Defendants believe that a stay is still appropriate for Plaintiff's remaining claims pending the outcome of case 19-cv-579, they can file a renewed motion to stay.

## CONCLUSION

The Show Cause Order entered on June 16, 2021 (Doc. 7) is **DISCHARGED**. Defendants' Motion to Dismiss, or in the Alternative, to Sever (Doc. 56) is **GRANTED IN PART AND DENIED IN PART.**

Count 1 is **DISMISSED with prejudice** as duplicative of a claim already pending in case 19-cv-579.

Count 2 is **DISMISSED with prejudice** as to Defendants Percy Myers, Christine Brown, and Scott Thompson as duplicative of a claim already pending in case 19-cv-579.

It is **ORDERED** that Counts 3 and 4 are **SEVERED** into a new case. In the new case, the Clerk of Court is **DIRECTED** to file the following documents:

- the Complaint (Doc. 1);
- the motion for leave to proceed in forma pauperis (Doc. 2) and the Order granting it (Doc. 6);
- the Order dated June 16, 2021, containing the § 1915A threshold review of the complaint (Doc. 7);
- the instant Order.

Once the newly severed action is opened, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) and on the Court's own motion, the Clerk of Court is **DIRECTED** to transfer the

action to the United States District Court for the Central District of Illinois for such further proceedings as that court may deem appropriate. 28 U.S.C. § 93(b).

The Clerk of Court is **DIRECTED** to terminate Scott Thompson, Kim Larson, Percy Myers, Jonathan Eck, Christine Brown, Justin Dupree, Dana Ritchie, Brandi Carl, Sara Glenn, Collen Shults, Melissa Welch, Scott Parish, and Dallas Kincaid as Defendants in this case.

It is **FURTHER ORDERED** that the only claim remaining in this action is Plaintiff's claim for deliberate indifference against Defendants Rob Jeffreys and Wexford Health Sources as set forth in Count 2. Defendants Jeffreys and Wexford shall have until September 30, 2022, to file an appropriate responsive pleading to the Complaint.

**IT IS SO ORDERED.**

**DATED: September 2, 2022**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**